IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21949-CIV-KING

RICHARD YOUNG,

    Plaintiff,

v.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES,,

    Defendant(s),

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (DE #35), filed December 14, 2010.[1] Plaintiff's Second Amended Complaint (DE #23) purports to state two causes of action relating to injuries sustained by Plaintiff during a shore excursion while a passenger on Defendant's cruise on, or about, July 27, 2008.[2]

After completing significant discovery relating to these claims, Defendant now argues that summary judgment is appropriate on its own behalf for numerous reasons,[3] including two which this Court considers most material: i) Plaintiff failed to provide any evidence demonstrating an agency relationship between the shore excursion operator, Packer Expeditions,

---

[1] On January 14, 2011, Plaintiff filed a memorandum in opposition (DE #43), to which Defendant filed a reply (DE #48) on January 25, 2011. This matter is therefore ripe for determination.

[2] The two causes of action pleaded by Plaintiff include the following: 1) Negligence; and 2) Fraud in the Inducement.

[3] Defendant claims that summary judgment is also appropriate for the following reasons: none of the marketing materials for the shore excursion represented a warranty by Defendant as to; the economic loss rule bars any recovery for fraud in the inducement; the disclaimer on Plaintiff's Passenger Cruise Ticket bars Plaintiff's claim; and Plaintiff's claim is barred because of a signed waiver.

Ltd., and the Defendant; and ii) because any dangers on Laughton Glacier Hike's tour were obvious and apparent, Defendant breached no duty of care in failing to warn Plaintiff of such dangers. After careful consideration and for the reasons detailed below, the Court finds that, there being no genuine issues of material fact, Defendant's motion will be granted.

## I. Factual Background

Plaintiff Richard Young and his wife, Dawn Young, were ticketed passengers on Defendant's vessel, the "Carnival Spirit," which departed from Whittier, Alaska on July 23, 2008 on a seven-day cruise to Vancouver, Canada. Near the same time Plaintiff purchased his tickets for the cruise, he purchased a ticket for a shore excursion known as the "Laughton Glacier Hike & White Pass Railway Adventure." *Young Dep.* at 41:9-16. The shore excursion was advertised to passengers through Defendant's website and through brochures and Plaintiff researched it himself. *Id.* at 44:1-10. Plaintiff purchased his shore excursion ticket through the internet but the record is unclear as to whether he purchased it from Defendant directly or from the independent contractor shore excursion operator, Packer Expeditions, Ltd. *Id.* at 44:1-25.

The cruise arrived at Skagway, Alaska on July 27, 2008, which was the third port of call. Defendant provided Plaintiff with an information sheet describing where to meet with the guides for the Laughton Glacier Hike & White Pass Railway Adventure. *Id.* at 46:4-47:8. Plaintiff did not speak with any Carnival employees about the hike while aboard the Carnival Spirit. *Id.* After disembarking, Plaintiff, along with other passengers, met with three men who identified themselves as guides from Packer Expedition, Ltd., *id.* at 50:9-22, and departed the port in Skagway on a passenger train towards the Laughton Glacier, *id.* at 49:4-8. While en route, a Packer Expedition guide gave Plaintiff a waiver or release of liability which Plaintiff executed

and returned to the guide.[4] *Id.* at 56:17-58:6.

After arriving at the trail but prior to beginning the hike, Plaintiff asked a guide "Just how strenuous is this?" The guide replied that the excursion was designed for the average cruise person.[5] The five- to eight-mile (roundtrip) hike began at the train, traveled through a forest, up a riverbed, over a boulder field and finally onto the glacier before returning in the same direction back to the train.[6] (DE #23 ¶15). During the descent from the ice field back to the train, the guides informed the passengers they would have to hurry or they would miss the train back to port. *Young Dep.* at 72:5-11. Plaintiff tripped while in the boulder field, suffering a broken jaw, six damaged teeth, a laceration on his lip, and a laceration inside his mouth.[7] *Id.* at 86:16-22. Plaintiff was bandaged and finished the hike. *Id.* at 80:12-18. Plaintiff underwent emergency dental surgery that night and then rejoined the cruise. *Id.* at 82:19-25.

The facts as presented indicate that no one from Carnival represented to Plaintiff the shore excursion would be safe. *Id.* at 100:13-19. Indeed, Plaintiff neither believed the guides were Carnival employees, nor did any Carnival employee hurry Plaintiff during his descent. *Id.* at 50:9-22, 100:13-19. Furthermore, Plaintiff's passenger ticket to board Defendant's vessel included an exculpatory clause stating:

---

[4] Plaintiff claims he did not read the release in detail, but read only "the acknowledgements of risk and assumption of risk and responsibilities." *Young Dep.* at 56:17-58:6. Plaintiff's failure to fully read the release prior to signing it does not excuse him from its terms: it is generally the duty of a party to a contract to learn its contents before he signs it and one who signs a contract is presumed to know its contents. *See Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1512 (S.D. Fla. 1995); *Pepple v. Rogers*, 140 So. 205, 208 (Fla. 1932). Courts have enforced pre-accident releases of liability of this type. *See Travent, Ltd. v. Schecter*, 718 So. 2d 939 (Fla. 4th DCA 1998) (barring negligence claim as a matter of law against bicycle tour operator where agreement clearly released tour operator from liability for acts of negligence).

[5] Plaintiff then asked, "Then you mean people in their fifties?" The guide answered, "Absolutely." *See Young Dep.* at 53:6-18.

[6] The nature of the terrain to be traversed and the length of the Hike were included in promotional material for the Hike. (DE #23 ¶15).

[7] Plaintiff believes he accidentally caught his foot between two rocks, causing him to fall face-first. *Young Dep.* at 76:15-77:19. There was nothing preventing Plaintiff from seeing the rocks which may have caused him to trip. *Id.* The rocks Plaintiff tripped on were stationary; not moving or shifting. *Id.* at 105:12-21.

> "Guest acknowledges that all shore excursions/tours (whether conducted in the water, on land or by air) ... are either operated by or are Independent contractors ... Guest agrees that Carnival assumes no responsibility, does not guarantee performance, and in no event shall be liable for any negligent or intentional acts or omissions, loss, damage, injury, or delay to Guest ... in connection with said services."

DE #35 at 12.

As noted above, Defendant now seeks summary judgment on its own behalf.

**II. Legal Standard for Motion for Summary Judgment**

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the

nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Discussion

As noted above, the Court finds two of Defendant's contentions most material to its determination: i) Defendant's failure to demonstrate an agency relationship between the hike's tour guides and Carnival bars recovery; and ii) Defendant breached no duty to Plaintiff.[8]

#### A. Lack of Agency Relationship and Exculpatory Clause Bar Recovery

Upon consideration, the Court finds that Plaintiff has failed to demonstrate an agency relationship between Packer Expeditions, Ltd. and Defendant Carnival.

Indeed, Plaintiff has shown no evidence that would support any type of agency claim against Defendant Carnival. Quite simply, the record is devoid of any proof that Carnival either had an actual agency relationship with Packer Expedition, *see Ilgen v. Henderson Props., Inc.*, 683 So. 2d 513, 515 (Fla. 2d DCA 1996), or one of apparent agency, *see Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). Mr. Young admitted in his deposition that he did not believe any of the guides to be Carnival employees or to be working on behalf of Carnival. *Young Dep.* at 50:9-51:24, 100:16-19. Therefore, Plaintiff can clearly not recover under a theory of apparent agency, since such a claim necessarily requires a manifestation of agency. *Doonan*, 404 F. Supp. 2d at 1371. Nor has Plaintiff demonstrated an actual agency relationship between Carnival and Packer Expeditions. Indeed, Plaintiff provided no evidence at

---

[8] Moreover, even if Plaintiff had provided proof of agency, the Court considers it an open question as to whether the exculpatory clause would bar Plaintiff's recovery. *See Henderson v. Carnival Corp.*, 125 F. Supp. 2d 1375, 1377 (S.D. Fla. 2000).

all in support of such a claim.[9]

Accordingly, the Court finds no agency relationship existed between Carnival and Packer Expeditions. Therefore, Plaintiff is barred from recovery under this theory.

B. Defendant Owed No Duty to Warn Plaintiff of Obvious and Apparent Dangers

Secondarily, the Court finds Defendant owed no duty to Plaintiff. It is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). Yet, it is also established that a "general promise that the trip will be 'safe and reliable' does not constitute a guarantee that no harm will befall plaintiff." *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 391 (7th Cir. 1989). Therefore, Defendant's approval and promotion of the Laughton Glacier Hike & White Pass Railway Adventure was not a guarantee to Plaintiff that no harm would befall him on the excursion.

Further, the dangers presented by the hike were, or should have been, obvious and apparent to Plaintiff, an experienced hiker. *See Young Dep.* at 43:20-25. The applicable standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Specifically, "this duty to warn extends to known dangers which are not apparent and obvious." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1238 (S.D. Fla. 2006); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986). As such, Defendant Carnival had no duty to warn of dangers that were of an obvious and apparent nature.

A similar case, recently decided by the Southern District of Florida, is suggestive. In that case, *Isbell v. Carnival Corp.*, a cruise passenger was bitten by a snake during a shore excursion

---

[9] Nor has Plaintiff introduced any evidence to support any type of claim under a theory of joint venture. *Cf. Austin v. Duvan Cty. Sch. Bd.*, 657 So. 2d 945, 948 (Fla. 1st DCA 1995).

in the rain forest. *Isbell*, 462 F. Supp 2d at 1238. The Honorable Federico A. Moreno, presiding over the case, held that despite having never been to a rain forest, Isbell must have understood that animals, including snakes, are often found in rain forests. *Id.* Accordingly, the cruise operator was not required to warn Isbell of such obvious and apparent dangers. *Id.*

Here, in the above-numbered matter, the same conclusion must follow. Just as Judge Moreno determined that snakes were an apparent danger when traveling within a rain forest, so, too, does this Court determine that uneven terrain is an apparent danger of a hike over a boulder field to a glacier. Surely, as an experienced hiker, Plaintiff understood he would be traversing uneven, rugged terrain and that tripping is a risk posed by the activity. Just as in *Isbell*, Plaintiff himself chose to undertake this excursion, aware of the obvious and apparent risks. *See id.* Plaintiff's injuries are unfortunate, however, "[t]here is a fallacy, which seems to be widely accepted, that for any personal injury, however caused, some person or instrumentality should be liable in damages. Such is not and has never been the law." *See Lavine v. General Mills, Inc.*, 419 F. Supp. 2d 332, 337 (N.D. Ga. 1981).

### IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion for Summary Judgment (DE #35) be, and the same is, hereby **GRANTED**.

2. The above-styled action is **DISMISSED WITH PREJUDICE.**

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Miami-Dade County, Florida, this 4th day of February, 2011.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**
**Glenn J. Holzberg**
Law Offices of Glenn J Holzberg
7685 S.W. 104th St. Suite 220
Miami, FL 33156
Telephone: 305.668.6410
Facsimile: 305.667.6161
Email: glenn@holzberglegal.com

**Counsel for Defendant**
**Suzanne Brown Vazquez**
Carnival Cruise Lines
3655 NW 87th Ave
MSLD 825N
Doral, FL 33178
Telephone: 305.406.6638
Facsimile: 305.406.4732
Email: svazquez@carnival.com

**Thomas J. Gibbons**
110 S.E. 6th ST. 20th Floor
Ft. Lauderdale, FL 33301
Telephone: 954.761.9900
Facsimile: 954.761.9940
Email: tjg@ls-law.com